JAMES PRATER *v.* McDONOUGH AND BRICKELL.

1. SALE OF LAND UNDER EXECUTION. *Notice.* The notice of the time and place of sale to which the debtor in possession is entitled under the Code, sec. 3042, to make an execution sale of land valid, must be of the particular sale, and its defects cannot be obviated or supplied by a notice of a previously advertised sale which did not take place.

2. SAME. *Same. Sufficiency a question for the court, and not for the jury.* It is a question for the court, and not for the jury, whether a particular notice contains all the requirements of the statute.

FROM KNOX.

Appeal in error from the Circuit Court of Knox county. D. K. YOUNG, J.

R. N. HOOD, GEO. BROWN and T. R. CORNICK for Prater.

CALDWELL & SON for McDonnell.

COOPER, J., delivered the opinion of the court.

In this action of ejectment, brought by McDonough and Brickell against Prater, the verdict and judgment were in favor of the plaintiffs below, and the defendants appealed in error. The plaintiffs claimed title under an execution sale by virtue of a judgment of this court. The debtor was in possession of the land, and the principal contest was on the sufficiency of the notice to him of the sale.

On the final hearing in this court of the chancery

suit of James Prater against W. A. Robinson, the bill was dismissed, and a judgment rendered in favor of Robinson against Prater and his surety Brickell on an injunction bond given in the cause. Execution issued on this judgment, returnable to the first Monday of March, 1873. This execution came to the hands of the sheriff, who levied it upon the land in controversy as the property of Prater, and on which he was then living. The sheriff advertised the land for sale, and prepared a written notice of the time and place of sale for the debtor in possession, which was served by his deputy. The execution was, however, returned by order of the plaintiff without the sale having been made. A *venditioni exponas* immediately issued, and the sheriff, after again advertising, sold the land on April 28, 1873. He also prepared and delivered to the debtor in possession a written notice of the time and place of sale, which, it is conceded, is fatally defective in not stating that the execution was levied upon the land, as expressly required by the Code, sec. 3042. Upon the trial, the court permitted the plaintiffs, over the objection of the defendant, to introduce in evidence the notice of the time and place of the first sale which had been advertised, but not made. And his Honor charged the jury that they might look to both notices, and if they found that the two contained all the requisites of the statute, that would be sufficient, and the sale would pass to the purchaser a good title.

The statute is: "If the defendant is in actual possession and occupation of the land levied on, the

officer having the execution shall, at least twenty days previous to such sale, serve the defendant with written notice, stating that the execution is levied on said land, and mentioning the time and place of sale; and sales made without the notice required in this section are void": Code, sec. 3042. Unless the notice required by the statute is given, the sale is, according to the uniform decisions of this court, absolutely void: *Trott* v. *McGavock*, 1 Yer., 469, 480; *Loyd* v. *Anglin*, 7 Yer., 428; *Mitchell* v. *Lipe*, 8 Yer., 179; *Farquhar* v. *Toney*, 5 Hum., 502. The right conferred, it has been said, should not be taken away by construction. And, therefore, where the notice was posted on the front door of the shop used by the debtor, and its contents were known by the debtor twenty days before the day of sale, the notice was held insufficient: *Richards* v. *Meeks*, 11 Hum., 455. It has also been held that a failure to give the notice will be fatal, although the defendant knew of the sale, was present at it, and did not object for the want of the notice: *Carney* v. *Carney*, 10 Yer., 491. Nothing short of conduct amounting to a waiver of the notice will prevent the defendant from insisting upon his statutory right.

The statute plainly contemplates that the notice of the time and place of the sale, when the land is actually sold, shall embody all its requirements. Perhaps, if the officer were to give two notices of the same sale, each of which was defective in some particular supplied by the other, it would be too rigid an adherence to the letter to say that the notice

would not be good. But a notice defective in some material respect could not be supplemented by proof that the defendant had otherwise acquired knowledge of the omitted fact. For that would be to take away the right by construction. And clearly the "written notice" which the statute requires for the sale when made, cannot be supplemented by a written notice of the time and place of another sale, whether the latter sale be made or not. The notice must be of the particular sale, and must meet all the material requirements of the statute.

His Honor, the circuit judge, seems to have thought that it was a question of fact for the jury whether the written notice offered in evidence contained all the requisites of the law, which he specifies. It was, however, for the court to say whether the writing embodied the requisites, and for the jury to find whether that notice had been served on the defendant in time.

The judgment must be reversed, and the cause remanded for a new trial.